IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>   v.<br><br>**BENITO VALDEZ**,<br><br>   Defendant. | Case No. 3:19-cr-00323-IM-01<br><br>**OPINION AND ORDER** |

**IMMERGUT, District Judge.**

This matter comes before the Court on Defendant Benito Valdez's motion for compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF 104. The Government opposes Mr. Valdez's motion on the merits. ECF 105. For the reasons discussed below, the motion is denied.

## BACKGROUND

On July 31, 2020, Mr. Valdez pled guilty to the crime of being a felon in possession of a firearm. ECF 85 at ¶ 2. The maximum sentence for this charge is 10 years' imprisonment, with the guideline provision in this case ranging from 92 to 155 months. ECF 92 at 26. Mr. Valdez has a significant criminal history, including at least 19 felony convictions dating back to the

PAGE 1 – OPINION AND ORDER

1970s.[1] *Id.* at 2. Pursuant to the terms of the plea agreement, the Government agreed to sentence reductions for Mr. Valdez, including recommending a 6-level reduction based on his age, health conditions, and drug dependence. ECF 85 at ¶¶ 5–7. The Government ultimately recommended a below-guidelines sentence of 46 months. *Id.* at ¶ 8.

On November 2, 2020, Mr. Valdez was sentenced to 46 months' imprisonment and 3 years of supervised release. ECF 98. At the time of sentencing, the Presentence Investigation Report and Sentencing Recommendation made clear that Mr. Valdez was 63 years old and suffered from chronic obstructive pulmonary disease, high blood pressure, and asthma. ECF 92 at 9, 24. Those circumstances were taken into consideration by the Court when it accepted the parties' plea agreement and the stipulated sentence.

Mr. Valdez is currently incarcerated at FCI Sheridan, with a projected release date of January 11, 2023. His motion states that the same day of his sentencing, November 2, 2020, he asked the Warden of FCI Sheridan for compassionate release. ECF 104 at 1. He represents that he has not received a response, and the government does not contest this point. *Id.* at 3; ECF 105 at 4. On December 21, 2020, only seven weeks after being sentenced, Mr. Valdez filed a *pro se* motion asking this Court to grant either his release or a sentence reduction. ECF 104.

Mr. Valdez argues compassionate release is appropriate because of his enhanced risk of developing serious complications from COVID-19 due to his age and health conditions. *Id.* at 1–

---

[1] Mr. Valdez's criminal history includes felony convictions for unauthorized use of a vehicle (1976), theft (1980), possession of cocaine (1980 and 1992), driving while suspended (1985, 1992, 1995, and 1998), failure to appear (1992), felon in possession of a firearm (1992 and 2006), manufacture/delivery of a controlled substance (2001), possession of a controlled substance (2001), unlawful use of a weapon against another (2006), escape (2006), delivery of methamphetamine (2007), possession of methamphetamine (2007 and 2012) and delivery of methamphetamine within 1000 feet of school (2014). ECF 92 at 2.

PAGE 2 – OPINION AND ORDER

2. The Government opposes the motion on the grounds that no intervening circumstances have occurred since Mr. Valdez's sentencing to justify compassionate release. ECF 105 at 1.

## STANDARDS

### A. Modifying a Term of Imprisonment for Compassionate Release

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, under 18 U.S.C. § 3582(c)(1)(A), courts may "reduce [an inmate's] term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)" where "extraordinary and compelling reasons warrant" reduction, or the prisoner's age and other factors make release appropriate. 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the Federal Bureau of Prisons ("BOP") could move a district court under 18 U.S.C. § 3582(c)(1)(A) for the compassionate release of a federal prisoner. The First Step Act of 2018 ("FSA") amended § 3582(c)(1)(A) to allow prisoners to directly petition courts for compassionate release. *See* First Step Act of 2018, Section 603(b), Pub. L. 115-391, 132 Stat. 5194 (2018). Section 3582(c)(1)(A) now authorizes a district court to reduce a defendant's sentence either: (1) upon motion by the Director of the BOP; or (2) upon motion of the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Where this exhaustion requirement is met and a defendant is seeking a sentence reduction under § 3582(c)(1)(A)(i), a court may grant the motion if it finds that: (1) "extraordinary and compelling reasons warrant such a reduction"; and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

PAGE 3 – OPINION AND ORDER

If the court finds that both criteria have been met, the court must consider the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable. *Id.*

The defendant bears the burden of proof to show that he is eligible for a sentence reduction and that the reduction is appropriate. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020); *United States v. Ebbers*, 432 F. Supp. 3d 421, 426–27 (S.D.N.Y. 2020). Even if there are extraordinary and compelling reasons, the grant of a motion for compassionate release is in the sentencing court's discretion. *United States v. Chambliss*, 948 F.3d 691, 693–94 (5th Cir. 2020); *United States v. Webster*¸ No. 3:91cr138 (DJN), 2020 WL 618828, at *5 (E.D. Va. Feb. 10, 2020).

## DISCUSSION

### A. Exhaustion

Mr. Valdez contends he filed the present motion with this Court after a thirty-day lapse from the time he submitted his compassionate release request on November 2, 2020 to the Warden of FCI Sheridan with no response. ECF 104 at 1, 3. The Government does not contest Mr. Valdez's representation, and concedes he has sufficiently exhausted his administrative remedies. ECF 105 at 4. Accordingly, this Court will next address the merits of Mr. Valdez's motion.

### B. Extraordinary and Compelling Reasons

Congress never defined the phrase "extraordinary and compelling reasons," except to state that "[r]ehabilitation . . . alone" does not suffice. 28 U.S.C. § 994(t). Congress directed the Sentencing Commission to define the phrase. *Id.* The Commission did so prior to the passage of the First Step Act but has not since updated the policy statement. *See* U.S.S.G. § 1B1.13 cmt. n.1. In subsections (A)–(D) of an Application Note to U.S.S.G. § 1B1.13, the Commission enumerated four "reasons" that qualify as "extraordinary and compelling":

PAGE 4 – OPINION AND ORDER

    (1) the medical condition of the defendant (defined as whether the defendant is suffering from a terminal illness; or is suffering from a serious physical or medical condition, serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover");

    (2) the age of the defendant (defined as whether the defendant is at least sixty-five years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less);

    (3) family circumstances (defined as the death or incapacitation of the caregiver of the defendant's minor child or minor children or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner); and

    (4) any other extraordinary and compelling reason determined by the Director of the BOP. *Id.*

Most district courts, including this Court, that have considered the present applicability of the policy statement have held that it "provides helpful guidance, [but] . . . does not constrain [a court's] independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3852(c)(1)(A)(i)." *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019); *see also, e.g., United States v. Dana*, 467 F. Supp. 3d 962, 965 (D. Or. 2020) (finding that U.S.S.G. § 1B1.13 as currently written "does not constrain the Court's ability to find extraordinary and compelling reasons.").

PAGE 5 – OPINION AND ORDER

This Court acknowledges the exceptional nature of the COVID-19 global health crisis that has taken the lives of more than 400,000 people in the United States alone. Even so, compassionate release remains "rare" and "extraordinary," and courts routinely deny claims from inmates absent a showing of truly exceptional circumstances. *United States v. Hamman*, 3:16-cr-185-SI, 2020 WL 3047371, at *5 (D. Or. June 8, 2020).

Mr. Valdez argues his circumstances warrant compassionate release because he is at high risk of developing serious complications due to COVID-19. As he explains, he is 63 years old and suffers from asthma, "heart and blood pressure complications," and a family history of the same. ECF 104 at 2. He alleges as of the time of filing the motion that there were "36 guards and prisoner[s] who tested positive for COVID-19" at FCI Sheridan. *Id.* He argues that at the time he pled guilty, there were no COVID cases at FCI Sheridan, and now "it is raging out of control."[2] *Id.* at 6. The Government, in response, argues there are no "extraordinary and compelling circumstances" warranting early release because not a single circumstance has changed since the time of Mr. Valdez's sentencing. ECF 105 at 4. Further, the Government argues the circumstances identified by Mr. Valdez, including his pre-existing health conditions, were expressly considered and incorporated in his plea agreement and resulted in a reduction of his sentence. For example, the Government notes, it recommended "a 6-level reduction in the offense level based on factors enumerated in 18 U.S.C. § 3553(a), including defendant's age, [and] his failing health." ECF 85 at ¶ 7. The Government also notes that the statutory range, the

---

[2] Mr. Valdez does not cite to any evidence in support of this assertion. The Court notes, however, at the time of writing this opinion, BOP reports 20 active confirmed cases at FCI Sheridan, 7 amongst inmates and 13 amongst staff. *See* https://www.bop.gov/coronavirus/ (last visited February 1, 2021).

guidelines range, and the Probation Office's recommended sentence were all higher than the 46-month sentence that the Government recommended and Mr. Valdez received. ECF 92 at 1.

The Court agrees. Mr. Valdez's age and health, as well as the risks posed by the COVID-19 pandemic, were all recently considered at the time of sentencing by the Court and reflected in his sentence. Further, Mr. Valdez does not argue that his health conditions have changed since the time of sentencing nor does he provide any medical evidence to support such an assertion. *See United States v. Albertson*, No. 1:16-cr-00250-TWP-MJD, 2020 WL 1815853, at *2 (S.D. Ind. Apr. 8, 2020) ("The Court will not grant compassionate release on medical grounds without documentation . . . ."); *United States v. Clark*, No. 3:13-cr-163-FDW-1, 2019 WL 1052020, at *3 (W.D.N.C. Mar. 5, 2019) (denying motion for compassionate release, in part, because inmate failed to provide medical records to substantiate medical claims).

## C. Safety of Other Persons and the Community[3] & Section § 3553(a) Factors

While this Court recognizes Mr. Valdez's serious health concerns, it must balance those concerns with a careful consideration of any potential danger to the safety of others or the community should he be released and the factors set out in § 3553(a). These considerations further caution against reducing or commuting Mr. Valdez's sentence.

Mr. Valdez has an extensive criminal history including at least 19 prior felony convictions dating back to the 1970s. ECF 92 at 2. He has served only a small fraction of his sentence, which was a stipulated sentence and well below the applicable Sentencing Guideline range. Mr. Valdez's age and health were well known at the time of sentencing and were considered by this Court. A commutation of Mr. Valdez's sentence at this time would disregard

---

[3] The Commission's policy statement, which provides helpful guidance, provides for granting a sentence reduction only if "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).

PAGE 7 – OPINION AND ORDER

the negotiated plea agreement and the parties' stipulated sentence, and would undermine the 18 U.S.C. § 3553(a) sentencing factors already considered by the Court at sentencing.[4] *See United States v. Becks*, 2019 WL 3820933, at *1 (D. Neb. Aug. 14, 2019) (denying compassionate release because the defendant's health conditions were known at the time of sentencing and considered by the court, and finding that a reduced sentence would disregard the parties' plea agreement and undermine the section 3553(a) factors).

This Court has considered all of the relevant factors for compassionate release and concludes that Mr. Valdez has not met the high burden of proving his case warrants compassionate release.

## CONCLUSION

For the foregoing reasons, Mr. Valdez's motion for compassionate release, ECF 104, is DENIED without prejudice.

**IT IS SO ORDERED**.

DATED this 1st day of February, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

---

[4] The 18 U.S.C. § 3553(a) factors include: the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner.

PAGE 8 – OPINION AND ORDER